Ryan McNeice
McNEICE WHEELER, PLLC
11404 E. Sprague Ave.
Spokane Valley, WA 99206
Telephone:   (509) 928-4141
Fax:         (509) 928-9166
ISB #8324
Attorney for Plaintiff

STATE OF IDAHO
COUNTY OF KOOTENAI } ss
FILED:

2017 DEC 14  AM 11:49

CLERK DISTRICT COURT

_____
DEPUTY

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| DONALD KRESSE, an individual. <br><br> Plaintiff, <br><br> v. <br><br> CABELA'S WHOLESALE, INC., an Idaho corporation <br><br> Defendant. | NO. CV17-9308 <br><br> **COMPLAINT** |

COMES NOW the Plaintiff, DONALD KRESSE, an individual, for cause of action against the above-named Defendant, CABELA'S WHOLESALE, INC., an Idaho corporation, complain and allege as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.1   Plaintiff, DONALD KRESSE ("Mr. Kresse") was and at all times material herein a Washington resident.

1.2   Defendant, CABELA'S WHOLESALE, INC. (hereinafter "Cabela's"), is now, and at all relevant times herein, was a corporation / professional association authorized to do business in, and doing business in, the STATE of IDAHO.

Complaint Page - 1

**CYNTHIA K.C. MEYER**

1.3 Defendant at all time material herein, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated specialty retailer facilities in the State of Idaho

   d. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   e. The Defendant as a retail store was engaged in the business of selling outdoor and recreational equipment to the public and to the Plaintiff in particular for compensation.

   f. At all times material, Defendant charged money to customers for the outdoor and recreational equipment provided. Thereby, Defendant is in the business of outdoor equipment retail for profit.

1.4 KOOTENAI COUNTY is proper venue for this cause of action pursuant to Idaho Code §§ 5-404 and 5-514.

## II. FACTS

2.1 On or about December 23, 2015, Mr. Kresse arrived in the parking lot of Cabela's, located at 101 N Cabela Way, Post Falls, Idaho.

2.2 On or about the same date, Mr. Kresse got out of his car in Cabela's parking lot, and began to walk around his car towards the passenger's side in order to retrieve his wallet.

2.3 After retrieving his wallet, Mr. Kresse walked about three steps and slipped on a patch of ice under snow, which caused him to lose his footing.

2.4 After Mr. Kresse began to slip on the patch of ice, Mr. Kresse attempted to regain his footing, but was unable to gain traction; this caused Mr. Kresse to abruptly fall to the ground.

Complaint Page - 2

2.5    As Mr. Kresse was trying to regain his footing after initially slipping on the ice, Mr. Kresse fell awkwardly, landing on his left ankle with his left foot turned outwards.

2.6    The impact caused Mr. Kresse's ankle to dislocate, which drove the end of his tibia towards the ground and broke of the distal head of Mr. Kresse's fibula.

2.7    As a result of the sudden injury, Mr. Kresse became disoriented, extremely nauseous, and was sweating profusely and could not get himself off of the ground.

2.8    Mr. Kresse ended up waiting on his hands and knees in several inches of snow, on the ground of Cabela's parking lot until the ambulance arrived 20 to 30 minutes later.

2.9    Cabela's employees took down Mr. Kresse's information, and brought out a tent to stop the snow from falling on Mr. Kresse.

2.10   The ambulance arrived and took Mr. Kresse to Valley Hospital Medical Cente,r where he had X-rays done, and the doctor reported Mr. Kresse has sustained a dislocated ankle and a fractured leg.

2.11   The doctor informed Mr. Kresse that surgery would be necessary, but Mr. Kresse would have to wait an additional six days before the surgery could be performed. Mr. Kresse spent the next six days, over the Christmas holiday, in extreme pain and on heavy doses of medication.

2.12   On or about December 29, 2015, Mr. Kresse had a plate, eight screws surgically, and two additional longer screws, placed in his leg.

2.13   Mr. Kresse had an additional surgery on or about March 11, 2016, in order to remove the two longer screws from his leg; however, the plate and eight other screws remain in Mr. Kresse's leg permanently.

2.14   Due to the injury, Mr. Kresse was required to take four and a half months off from work, switch to a desk job for almost a year, and miss out on approximately 200 hours of overtime pay.

Complaint Page - 3

2.15 Multiple times daily, Mr. Kresse's left foot will begin to ache or throb, which drastically affects Mr. Kresse's ability to work.

2.16 Despite working with multiple physical therapists, Mr. Kresse has not been able to make a full recovery; Mr. Kresse still suffers from pain caused by the injury every day.

### III. FIRST CAUSE OF ACTION

### NEGLIGENCE – FAILURE TO MAINTAIN REASONABLY SAFE PREMISES

3.1 Plaintiff realleges and incorporates paragraphs 1.1 – 2.16 as though fully set forth herein.

3.2 On or about December 23, 2015, Mr. Kresse was invited as a customer to the premises of Cabela's located at 101 N Cabela Way, Post Falls, Idaho.

3.3 On or the same date, Cabela's, by and through its agents, servants, and employees, owed Mr. Kresse a duty to provide a reasonably safe premises, or to warn of hidden or concealed dangers.

3.4 On or about the same date, Cabela's, by and through its agents, servants, and employees, failed to meet the applicable standard of providing invitees with reasonably safe conditions of the premises, was negligent and /or reckless in its acts or omissions, and breached the duty Defendant owed to Mr. Kresse when:

   a. Defendant caused Mr. Kresse to suffer a fractured leg and dislocated ankle; and/or
   b. Defendant failed to maintain a reasonably safe premises, or warn of hidden or concealed damages on the premises; and/or
   c. Defendant failed to provide Mr. Kresse with the ordinary standard of care under the circumstances towards invitees upon the premises; and/or
   d. Defendant failed to keep its parking lot free of ice; and/or
   e. Defendant failed to properly warn Mr. Kresse of its hazardous, icy parking lot; and/or

  f. Defendant failed to take reasonable action to remedy any dangerous areas, or reasonably give appropriate warning to customers under similar circumstances.

3.5 As a direct and proximate result of the acts and omissions of Defendant, Mr. Kresse sustained serious bodily injuries, including the aforementioned fractured leg and dislocated ankle, physical and mental pain and suffering, loss in the enjoyment of life, emotional distress, and inconvenience in the normal pursuits and pleasures of life.

3.6 The above described injuries may have permanent residual effect, and Plaintiff will continue to experience pain and suffering and will continue to be limited in his normal and usual activities.

3.7 As a direct and proximate result of the acts and omissions of Defendant, Mr. Kresse has been required to obtain the service of duly qualified medical doctors and other health care professionals to treat his injuries, and in connection therewith, has incurred, and will incur in the future, special damages in an amount as may be proven at trial.

3.8 As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has been required to retain the services of McNeice Wheeler, PLLC in connection with the prosecution of this action and requests an award of their attorney fees and costs incurred in the prosecution and maintenance of the instant action.

  WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands jury trial of all issues so triable.

### IV. SECOND CAUSE OF ACTION
### NEGLIGENCT INFLICTION OF EMOTIONAL DISTRESS

4.1 Plaintiff reallges, adopts, and incorporates by reference the allegations in paragraphs 1.1 - 3.8 as though alleged originally herein.

Complaint Page - 5

4.2 On or about December 23, 2015 Defendant owed Mr. Kresse a duty of ordinary care to maintain reasonably safe condition of its premises, or to warn Mr. Kresse of hidden or concealed dangers.

4.3 On or about the same date, Defendant breached that duty by failing to meet the ordinary care standard owed to Mr. Kresse when:

   a. Defendant caused Mr. Kresse to suffer a fractured leg and dislocated ankle; and/or

   b. Defendant failed to maintain a reasonably safe premises, or warn of hidden or concealed damages on the premises; and/or

   c. Defendant failed to provide Mr. Kresse with the ordinary standard of care under the circumstances towards invitees upon the premises; and/or

   d. Defendant failed to keep its parking lot free of ice; and/or

   e. Defendant failed to properly warn Mr. Kresse of its hazardous, icy parking lot; and/or

   f. Defendant failed to take reasonable action to remedy any dangerous areas, or reasonably give appropriate warning to customers under similar circumstances.

4.4 As a direct and proximate cause result of the acts and omissions of Defendant, Mr. Kresse sustained serious bodily injuries, including the aforementioned fractured leg and dislocated ankle, physical and mental pain and suffering, loss in the enjoyment of life, emotional distress, and inconvenience in the normal pursuits and pleasures of life.

4.5 The above described injuries may have permanent residual effect, and Plaintiff will continue to experience pain and suffering and will continue to be limited in her normal and usual activities.

4.6 As a direct and proximate result of the acts and omissions of Defendant, Mr. Kresse has been required to obtain the service of duly qualified medical doctors and other health care

professionals to treat her injuries, and in connection therewith, has incurred, and will incur in the future, special damages in an amount as may be proven at trial.

4.7 As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has been required to retain the services of McNeice Wheeler, PLLC in connection with the prosecution of this action and requests an award of their attorney fees and costs incurred in the prosecution and maintenance of the instant action.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands jury trial of all issues so triable.

### V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant relief as follows:

1. For Plaintiff's special and general damages in amounts to which may be proven at trial;
2. For Plaintiff's reasonable costs and attorney's fees incurred herein as allotted by Idaho Code § 12-120(4) and Rule 54(d), Idaho Rules of Civil Procedure; and
3. For such other and further relief as this Court deems just and equitable.
4. 

DATED this 14th day of Dec., 2017.

McNEICE WHEELER, PLLC

Ryan McNeice, ISB # 8324
Attorneys for Plaintiff

Complaint Page - 7