# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD KRESSE,<br><br>    Plaintiff,<br><br>v.<br><br>CABELA'S WHOLESALE, INC.,<br><br>    Defendant.<br>_____<br>CABELA'S WHOLESALE, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>FACILITYSOURCE, LLC,<br><br>    Third-Party Defendant. | Case No. 2:18-cv-00013-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Donald Kresse's motion to amend his complaint to add a defendant. Dkt. 31. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

On the morning of December 23, 2015, Kresse drove to Cabela's in Post Falls, Idaho to do some holiday shopping. It had been snowing, and the parking lot was covered with snow. On his way into the store, Kresse slipped and fell in the parking lot, injuring his left leg and ankle.

In December 2017, Kresse sued Cabela's for negligence and negligent infliction of emotional distress. Cabela's answered in January 2018, and shortly after that, the Court entered a Case Management Order. *See* Dkts. 4, 9. Based on the parties' March 2018 stipulation, the Case Management Order set a deadline of May 15, 2018 for motions to amend pleadings and join parties. *See Apr. 27, 2018 Case Management Order,* Dkt. 12, ¶ 2.

In April 2018 – just a few weeks before the deadline to amend pleadings expired – Cabela's moved for leave to file a third-party complaint against FacilitySource, LLC. *See* Dkt. 11. Cabela's proposed amended complaint alleged that FacilitySource was obligated to plow the Cabela's parking lot on December 23, 2018 – the date Kresse was injured – but that it had failed to do so. *See Proposed Am. Compl.*, Dkt. 11, ¶ 11.

The Court granted Cabela's motion, and FacilitySource has thus been involved in this litigation as a third-party defendant since June 2018, when it answered Cabela's third-party complaint. In February 2019 – roughly eight months

after FacilitySource first got involved in this case – Kresse requested leave to amend his complaint to add FacilitySource as a direct defendant.

## LEGAL STANDARD

Motions to amend a pleading filed after the scheduling order deadline has expired are governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).[1] The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Id.* at 608. A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, *1 (D. Idaho June 8, 2005). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citing *Engleson v. Burlington N. R.R.*, 972 F.2d 1038, 1043 (9th Cir. 1992)).

When determining whether to grant a motion to amend outside the deadline

---

[1] Plaintiff argues that the Court should grant him leave to amend under both Rule 15(a) and Rule 16(b). *See Motion Mem.*, Dkt. 31-2. Because the scheduling deadline has passed, however, the Rule 16(b) standard applies here. *Johnson*, 975 F.2d at 608. For that reason, the Court will not address plaintiff's argument under Rule 15(a).

imposed in the scheduling order, a court may also consider "the existence or degree of prejudice to the party opposing the modification." *Id.* But, while a court is allowed to consider any prejudice that may occur, the court should focus its inquiry "upon the moving party's reasons for seeking modification." *Id.* If the party moving to amend "was not diligent, the inquiry should end." *Id.*

## ANALYSIS

Kresse argues that although FacilitySource has been a party to this litigation since June 2018, he did not become aware of a "special relationship" between himself and FacilitySource until October 23, 2018, when Jesse Sonneland was deposed. *Motion Mem.*, Dkt. 31-2, at 7. Kresse says that because of that alleged special relationship, FaciltySource owed him a direct duty. Kresse does not explain this relationship in any detail, but he does say that if he is permitted to sue FacilitySource directly, this might "enhance[] the possibility of settlement and avoid[] burdening judicial resources." *Id.* at 7.

The Court is not persuaded. Even accepting Kresse's assertion that he was unaware of any facts that might support his alleged claim against FacilitySource until late October 2018, he still has explained why he waited over three months – until February 4, 2019 – to seek leave to amend his complaint. Given this unexplained delay, Kresse has failed to establish diligence, and the inquiry therefore ends. *Johnson*, 975 F.2d at 609. The motion will therefore be denied.

Given this conclusion, the Court will not address the parties' remaining arguments.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion to Amend Complaint (Dkt. 31) is **DENIED**.

DATED: April 24, 2019

B. Lynn Winmill
U.S. District Court Judge